**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.: 1:23-CV-23188-JEM

CHINYERE RUSSELL,

    Plaintiff,

v.

STEWARD HEALTH CARE SYSTEM, LLC,
a Florida Profit Corporation,

    Defendant.
_____/

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, CHINYERE RUSSELL ("MS. RUSSELL" or "Plaintiff;" formerly known as Chinyere Rumph), by and through her undersigned counsel, files this Amended Complaint against Defendant, Steward Health Care System, LLC. ("STEWARD" or "Defendant"), a Florida profit corporation, and alleges as follows:

1. Plaintiff brings this action for interference and retaliation in violation of the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("the FMLA"), and for discrimination and retaliation under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA"), to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, injunctive relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## **PARTIES, JURISDICTION, AND VENUE**

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

3. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*.

4. This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as her FMLA/ADA claims.

5. At all times relevant hereto, Plaintiff was an employee of Defendant.

6. Defendant is a Florida profit corporation located in Dallas, Texas, that is organized under the laws of the State of Florida and that maintains a location and does business in Miami-Dade County, Florida, and is therefore within the jurisdiction of this Court.

7. Plaintiff worked for Defendant in Miami-Dade County, Florida, and therefore the proper venue for this case is the Miami Division of the Southern District of Florida.

8. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

9. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health condition or conditions as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) was employed by

Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

10. Plaintiff is a disabled female. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because:

    a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of her disabilities or "perceived disabilit(ies)" by Defendant; and

    b. Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of her disabilities or "perceived disability(ies)."

11. Defendant was at all times relevant an "employer" as envisioned by the ADA as well as by § 760.02(7), Fla. Stat.

## CONDITIONS PRECEDENT

12. On or around June 14, 2022, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against STEWARD.

13. More than 180 days have passed since the filing of the Charge of Discrimination.

14. On August 17, 2023, the EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

15. Plaintiff timely files this action within the applicable period of limitations against Defendant.

16. All conditions precedent to this action have been satisfied and/or waived.

**FACTUAL ALLEGATIONS**

17. Plaintiff worked for STEWARD, most recently as Director of Radiology, Oncology, and Interventional Labs at STEWARD's North Shore Medical Center in Miami, Florida, from around July 30, 2018, until her termination on August 23, 2021.

18. Defendant acquired Plaintiff's predecessor employer NSMC HOLDINGS, INC ("NSMC") on or about August 1, 2021. Plaintiff previously worked for NSMC since December 18, 2013. Upon Defendant's acquisition of NSMC on or about August 1, 2021, Plaintiff continued working at the same location/facility, with the same managers, co-employees, equipment, and clients/customers, providing the exact same services, and under the same conditions for Defendant. Accordingly, Defendant is defined as a "successor in interest" under FMLA's coverage provisions and was legally obligated to provide Plaintiff with FMLA leave. *See* 29 C.F.R § 825.107.

19. In or about February of 2021, Ms. Russell suffered flareups of disabilities and serious health conditions which she suffered, specifically anemia, headaches, fibroids, and cysts.

20. Ms. Russell's treating physicians recommended that Ms. Russell undergo surgery to treat and address her disabilities and serious health conditions.

21. Ms. Russell promptly disclosed her disabilities and serious health conditions to her STEWARD Supervisor, Chief Operating Officer Madison Workman, and further advised Mr. Workman of her need for leave pursuant to the FMLA in order to treat and address her disabilities and serious health conditions, and as a reasonable non-burdensome accommodation for her disabilities.

22. Ms. Ms. Russell applied and was approved for intermittent FMLA leave beginning on February 23, 2021, and subsequently underwent her required medical procedures.

23. While Ms. Russell was availing herself of FMLA leave while recovering from surgery to treat and address her disabilities and serious health conditions, Mr. Workman and STEWARD's Human Resources Department nevertheless required Ms. Russell to log in to work and resolve work-related issues.

24. STEWARD's actions constituted unlawful interference in violation of the FMLA.

25. In August of 2021, Ms. Russell began experiencing a cough, feeling chills, and otherwise exhibiting symptoms consistent with the COVID-19 virus.

26. Ms. Russell also began suffering flare-ups from her serious conditions relating to her cysts and the remedial surgery she had underwent.

27. Ms. Russell swiftly disclosed her serious health condition to Mr. Workman as well as her employer's on-site Health Nurse.

28. STEWARD managers instructed Ms. Russell to stay home until her symptoms subsided.

29. A few days later, on August 23, 2021, Ms. Russell contacted STEWARD to disclose the good news that she had recovered and had been cleared to return to work.

30. Later that same day, August 23, 2021, Mr. Workman called Ms. Russell back and informed Ms. Russell that STEWARD had decided to terminate her employment, effective immediately.

31. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Ms. Russell notifying STEWARD of her serious health conditions, and in retaliation for Ms. Russell's utilization of unpaid leave pursuant to the FMLA in order to address same.

32. Defendant did not have a legitimate, non-discriminatory and non-retaliatory reason for its actions.

33. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

34. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

35. The timing of Plaintiff's use of what should have been protected FMLA leave, and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by STEWARD.

36. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her utilization of what should have been protected FMLA leave.

37. Plaintiff's termination was for pretextual, retaliatory, and discriminatory reasons, including, but not limited to, her disclosure to STEWARD of her disabilities and serious health conditions, her requiring and requesting the reasonable, non-burdensome accommodation of brief periods of leave to recover from her surgery and to wisely quarantine herself due to possible COVID-19 infection, and her utilization or attempted utilization of what should have been protected FMLA leave in order to treat and address the disabilities and serious health conditions.

38. Such a discriminatory and unlawful discharge is exactly the type of adverse employment action that the ADA, the FCRA, and the FMLA were intended to prevent.

39. The timing of Plaintiff's termination makes the causal connection between her disclosure of her serious health conditions, her use of FMLA leave, and her termination sufficiently clear.

40. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

41. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination and retaliation based on disability in violation of the ADA/FCRA.

42. STEWARD was aware of Plaintiff's ADA/FCRA-protected disabilities, her disclosure of her possible further disability or perceived disability, COVID-19, and her requests for reasonable, non-burdensome accommodation for same.

43. Ms. Russell is an individual with disabilities who was nevertheless fully capable of performing the essential functions of her job.

44. STEWARD, however, being well aware of Plaintiff's conditions, discriminated and retaliated against Plaintiff for taking time off work to seek treatment and to quarantine herself in compliance with CDC guidelines and STEWARD internal guidelines relating to COVID-19.

45. In reality, Defendant's termination of Ms. Russell stemmed from its discriminatory animus toward her disclosure of her disabilities and serious health conditions, or what STEWARD perceived to be Plaintiff's disabilities, and toward her requests for reasonable, non-burdensome accommodation of her disabilities and serious health conditions.

46. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

47. In short, Defendant discriminated against Ms. Russell based solely upon her disabilities, and retaliated against her for her requests for the reasonable, non-burdensome accommodation of a brief absence from work to recover from surgery and another brief absence from work to quarantine herself from spreading what might have been COVID-19.

48. At all times material hereto, Plaintiff was ready, willing, and able to perform her job duties, and otherwise qualified for her position.

49. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of her position, despite the fact that Plaintiff could perform same with or without reasonable accommodation.

50. Pleading in the alternative, Plaintiff's impairment(s) did not substantially limit a major life activity but was treated by Defendant as if it/they did.

51. Pleading in the alternative, Plaintiff's medical condition(s) constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

52. Pleading in the alternative, Plaintiff had no impairment whatsoever, but was treated by Defendant as having a disability or disabilities as recognized by the ADA/FCRA.

53. Ms. Russell was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment. Therefore, she is a protected class member as envisioned by the ADA and the FCRA.

54. Ms. Russell suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her disability and/or "perceived disability," and because of her requiring and requesting reasonable, non-burdensome accommodation for same.

55. As a result of Defendant's unlawful and discriminatory termination of her employment, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

56. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

57. STEWARD lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

58. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

### COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

59. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 9, 15 through 38, 43, 46, and 54 through 57, above, as if fully set forth in this Count.

60. At all times relevant hereto, Plaintiff was protected by the FMLA.

61. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

62. At all times relevant hereto, Defendant interfered with Plaintiff by requiring her to work while out on FMLA leave and by refusing to allow Plaintiff to exercise her FMLA rights freely.

63. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

64. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

### COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

65. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 9, 15 through 38, 43, 46, and 54 through 57, above, as if fully set forth in this Count.

66. At all times relevant hereto, Plaintiff was protected by the FMLA.

67. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

68. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating Plaintiff's employment for utilizing or attempting to utilize what should have been job-protected FMLA leave.

69. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise her rights to take approved leave pursuant to the FMLA.

70. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

71. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

72. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 22, 24 through 28, 30, 35 through 36, 39 through 54, and 57, above, as if fully set forth in this Count.

73. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

74. The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

75. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

76. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

77. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

78. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

79. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT
## BASED ON DISABILITY

80. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 22, 24 through 28, 30, 35 through 36, 39 through 54, and 57, above, as if fully set forth in this Count.

81. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

82. The discrimination to which Plaintiff was subjected was based on her disability, or "perceived disability."

83. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

84. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

85. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

86. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional

distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT V
## RETALIATION UNDER THE ADA
## BASED ON DISABILITY

87. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 22, 24 through 28, 30, 35 through 36, 39 through 54, and 57, above, as if fully set forth in this Count.

88. Plaintiff was terminated within close temporal proximity of her requests for reasonable, non-burdensome accommodation relating to her disabilities.

89. Plaintiff's requests for accommodation constituted protected activity under the ADA.

90. Plaintiff was terminated as a direct result of her requests for reasonable accommodation.

91. Plaintiff's requests for reasonable accommodation, and her termination, are causally related.

92. Defendant's stated reasons for Plaintiff's termination are a pretext.

93. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

94. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

95. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

96. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### COUNT VI
### RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT
### BASED ON DISABILITY

97. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 22, 24 through 28, 30, 35 through 36, 39 through 54, and 57, above, as if fully set forth in this Count.

98. Plaintiff was terminated within close temporal proximity of her requests for reasonable, non-burdensome accommodation relating to her disabilities.

99. Plaintiff's requests for accommodation constituted protected activity under the FCRA.

100. Plaintiff was terminated as a direct result of her requests for reasonable accommodation.

101. Plaintiff's requests for reasonable accommodation, and her termination, are causally related.

102. Defendant's stated reasons for Plaintiff's termination are a pretext.

103. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

104. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

105. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

106. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 26th day of October, 2023.


*(Remainder of page left intentionally blank)*

Respectfully Submitted,

*/s/ Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
 E-mail: **noah@floridaovertimelawyer.com**

*Attorneys for Plaintiff*